**JAMAICA ASH & RUBBISH REMOVAL CO., INC., Jet Sanitation Service Corp., Emedio Fazzini, Plaintiffs–Appellants,**

v.

**Edward T. FERGUSON, Individually and as Chairman and Executive Director of the New York City Trade Waste Commission, City of New York Trade Waste Commission, Defendants–Appellees,**

**Edward J. Kuriansky, Individually and as member of the New York City Trade Waste Commission, Deborah Weeks, Individually and as a member of the New York City Trade Waste Commission, Jules Polonetsky, Individually and as a member of the New York City Trade Waste Commission and Kevin P. Farrell, Individually and as a member of the New York City Trade Waste Commission, Defendants.**

Nos. 02–7835 (L), 06–3694–cv(CON).

United States Court of Appeals,
Second Circuit.

April 25, 2008.

James M. Wicks (George C. Pratt, on the brief), Farrel Fritz, P.C., Uniondale, NY, for Appellants.

Ronald Sternberg (Leonard Koerner, Robin Binder, on the brief) for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellees.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants Jamaica Ash & Rubbish Removal Co., Inc., Jet Sanitation Service Corp., and Emedio Fazzini (collectively "Jamaica Ash") appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*). We assume the parties' familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal.

Appellants, two waste removal companies based in Long Island and their controlling shareholder, were parties to contracts with Browning–Ferris Industries, Inc. ("BFI") to collect the refuse from certain malls located in Long Island ("the Mall Contracts"). Allied Waste Industries, Inc. sought to merge with BFI. In order for the company to operate in New York City, the merger required the approval of the New York City Trade Waste Commission ("TWC"), a city agency charged with, among other things, the elimination of organized-crime influence in the trade-waste industry. The TWC, believing that Jamaica Ash had ties to organized crime, approved the merger of BFI and Allied on the condition that Allied and its affiliates "cease any and all business dealings" with Jamaica Ash—a condition that would force Allied to break the Mall Contracts with Jamaica Ash. Jamaica Ash had no notice or opportunity to contest this determination. On August 15, 2000, Allied notified Jamaica Ash that it was complying with the TWC's requirement and terminating the Mall Contracts.

Jamaica Ash sued the TWC under 42 U.S.C. § 1983, claiming, among other things, violations of their substantive and procedural due process rights and of the Commerce Clause. The case proceeded to trial and the TWC prevailed. At the conclusion of trial, the district court issued an injunction that had the effect of permitting Allied to meet its obligations under the Mall Contracts. In a May 3, 2002 order, the district court extended its previously issued stay "pending any appeals."

Jamaica Ash appealed. By the time the appeal was heard, however, the Mall Contracts had expired. As Appellants' counsel conceded at oral argument, as a consequence of the stay imposed by the district court, Allied fulfilled all of its obligations to Jamaica Ash under the Mall Contracts. Consequently, any harm that might have issued as a result of the decision to require Allied to break its contracts with Jamaica Ash—a decision with significant procedural due process implications—was thus prevented.

As a result, this appeal is moot. *See United States v. Williams*, 475 F.3d 468, 479 (2d Cir.2007) ("[W]e have an independent obligation to ensure that developments in the case have not rendered the appeal moot."); *id.* at 478–79 ("A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2 of the Constitution. In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." (internal quotation marks and citation omitted)). Therefore, we must dismiss this appeal for lack of jurisdiction. *See id.* at 479 ("Generally, if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case." (internal quota-

tion marks and citation omitted)). We do not reach the significant procedural due process issues raised by the TWC's licensing practice, which can have the effect of imposing sanctions on third parties who, unlike license applicants, are not afforded notice and an opportunity to be heard.

For the foregoing reasons, we DISMISS the appeal.